Electronically Filed - Jackson - Kansas City - March 07, 2016 - 03:36 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| DARRELL PENBERTHY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC. ) <br> **Serve Registered Agent**: ) <br> Corporate Creations Network, Inc. ) <br> 12747 Olive Boulevard, #300 ) <br> St. Louis, Missouri  64131 ) <br> ) <br> FRAZEE, INC. ) <br> **Serve Registered Agent**: ) <br> CSC-Lawyers Incorporating Service Co. ) <br> 221 Bolivar Street ) <br> Jefferson City, MO  65101 ) <br> ) <br> ULTIMATE GRANITE SOLUTIONS ) <br> **Serve Registered Agent**: ) <br> Spiegel & Utrera, P.A. ) <br> 1840 SW 22nd Street, 4th Floor ) <br> Miami, FL  33145 ) <br> ) <br> Defendants. ) | Case No. _____ |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Darrell Penberthy, and for his causes of action against Defendant Marriott International, Inc. (hereinafter "Marriott"), Defendant Frazee, Inc. (hereinafter "Frazee"), and Defendant Ultimate Granite Solutions (hereinafter "Ultimate"), states and alleges as follows:

## THE PARTIES

1. Plaintiff Darrell Penberthy is over the age of 18 and resides in Desloge, Missouri.

2. Defendant Marriott is, and was at all times mentioned herein, a domestic corporation located and doing business at Courtyard Kansas City South, 500 East 105th Street in

1



Kansas City, Jackson County, Missouri. Defendant Marriott can be served through its registered agent whose address is listed above.

3. Defendant Marriott owns and operates a business establishment known as Courtyard Kansas City South, 500 East 105th Street in Kansas City, Missouri.64131.

4. Defendant Frazee is, and was at all times mentioned herein, a domestic corporation located and doing business in Kansas City, Jackson County, Missouri. Defendant Frazee can be served through its registered agent whose address is listed above.

5. Defendant Ultimate is, and was at all times mentioned herein, a foreign corporation located in Florida. Defendant Ultimate can be served through its registered agent whose address is listed above.

## VENUE

6. Venue is proper in that the incident and injuries complained of occurred in Kansas City, Jackson County, Missouri, and Defendants have and keep an office or agent for the transaction of their usual and customary business in Jackson County, Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

7. On or about October 4, 2014, Plaintiff was a hotel guest at the Courtyard Kansas City South located at 500 East 105th Street in Kansas City, Missouri 64131. This building is, and at all times relevant hereto was, owned and/or operated by Defendant Marriott and the day to day maintenance and repair to this building was performed by said Defendant.

8. Defendant Marriott holds itself out as an industry leader in the hotel business.

9. Defendant Marriott has handicap shower bars located in all of their showers and bathrooms inside their hotel rooms.

10. Defendant Frazee is a general contractor who provided services to Defendant Marriot and worked on the shower bars inside Defendant Marriott's hotel, Courtyard Kansas City South located at 500 East 105th Street in Kansas City, Missouri 64131.

11. Defendant Ultimate is a sub-contractor for Defendant Frazee and provided services to Defendant Frazee and worked on the shower bars inside Defendant Marriott's hotel, Courtyard Kansas City South located at 500 East 105th Street in Kansas City, Missouri 64131.

12. On October 4, 2014 at approximately 5 a.m., Plaintiff was inside the bathroom taking a shower inside his hotel room when he grabbed the handicap bar and it broke loose.

13. On October 4, 2014 at approximately 5 a.m., after the handicap bar inside the bathroom broke loose, Plaintiff fell out of the shower onto his head and back sustaining severe injuries.

14. Due to the extent of the injuries caused by the dangerous and defective nature of the handicap bar used to protect invitees using the shower inside the bathroom of the hotel room, Plaintiff has been and continues to receive medical treatment and will have permanent injuries.

## COUNT I

15. Plaintiff adopts and incorporates the above-referenced paragraphs as though fully set forth herein.

16. Defendant Marriott, as a business premises owner, owed a duty of reasonable care to Plaintiff to keep its premises reasonably safe and to protect against both known dangers and those that could be revealed by inspection.

17. Defendant Marriott, as a business premises owner, owed a duty of reasonable care to Plaintiff to ensure that the handicap bar was safe and to protect invitees when taking a shower in their hotel room.

18. Defendant Marriott knew or, by using ordinary care, could have known of the dangerous condition of the handicap bar, but failed to make this handicap bar reasonably safe for invitees when taking a shower in their hotel room. As a direct and proximate result of Defendant Marriott's failure to use ordinary care, Plaintiff was injured.

19. The duty of ordinary care owed by Defendant Marriott to Plaintiff was breached and contravened by Defendant Marriott in that Defendant Marriott negligently failed:

    a. To inspect the handicap bar;

    b. To design the handicap bar with proper bolts;

    c. To maintain the handicap bar and the mechanisms used to affix the handicap bar to the shower wall;

    d. To properly train its agents and employees to safely affix the handicap bar to the wall so it does not give way when used; and

    e. To develop proper safety policies and instruction for affixing the handicap bar to the wall.

20. The damages and injury suffered by Plaintiff were directly and proximately caused by the negligence of the Defendant Marriott, and that of its agents, servants, and employees acting within the scope and course of their employment in safely affixing the handicap bar to the wall.

21. Plaintiff did not know and, by using ordinary care, could not have discovered that such conditions of the handicap bar were not reasonably safe.

22. As a direct and proximate result of the Defendant Marriott's conduct and of the aforesaid incident, Plaintiff has suffered continuous physical pain and mental distress; has suffered a permanent diminished capacity to enjoy life; has incurred medical bills for treatment and care, and will continue to do so in the future. Further, Plaintiff has been caused to suffer

4

Case 4:16-cv-00412-BP   Document 1-1   Filed 05/09/16   Page 4 of 10

other severe and permanent injuries including but not limited to: closed head injury, headaches, and neck and back pain.

23. Plaintiff has incurred, and will in the future incur, pain and suffering, disability, and disfigurement.

WHEREFORE, Plaintiff prays for judgment against Defendant Marriott for such sums as are fair and reasonable, for his costs herein incurred and expended, and for such other relief as is deemed appropriate by the Court.

## COUNT II

24. Plaintiff adopts and incorporates the above-referenced paragraphs as though fully set forth herein.

25. Defendant Marriott, through its employee and agents, had sole and exclusive control and charge over the management, maintenance, set up, function and operation of The Courtyard Kansas City South at all times pertinent to this action.

26. Specifically, Defendant Marriott, through its employee and agents, had sole control and charge over the management, maintenance, set up, function and operation of the handicap bar in the bathroom of Plaintiff's hotel room at all times pertinent to this action.

27. The accident and injury suffered by Plaintiff is not of the type that would ordinarily occur when those in charge of the maintenance, set up, function and operation of the handicap bar in the bathroom of Plaintiff's hotel room use ordinary care and absent negligence on the part of the Defendant in control of the property.

28. That from the fact of the accident and injury and the reasonable inferences therefrom, the occurrence of the injuries was directly caused by the negligence of Defendant Marriott.

Electronically Filed - Jackson - Kansas City - March 07, 2016 - 03:36 PM

Case 4:16-cv-00412-BP   Document 1-1   Filed 05/09/16   Page 5 of 10

Electronically Filed - Jackson - Kansas City - March 07, 2016 - 03:36 PM

29. Defendant Marriott, having sole and exclusive control and charge over maintenance, set up, function and operation of the handicap bar in the bathroom of Plaintiff's hotel room, as owner and/or operator, has, and at all times relevant hereto had, full and superior knowledge as to the cause of the injury.

30. As a direct and proximate result of Defendant Marriott's conduct and of the aforesaid incident, Plaintiff has suffered continuous physical pain and mental distress; has suffered a permanent diminished capacity to enjoy life; has incurred medical bills for treatment and care, and will continue to do so in the future. Further, Plaintiff has been caused to suffer other severe and permanent injuries including but not limited to: closed head injury, headaches, and neck and back pain.

31. Plaintiff has incurred, and will in the future incur, pain and suffering, disability, and disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant Marriott for such sums as are fair and reasonable, for his costs herein incurred and expended, and for such other relief as is deemed appropriate by the Court.

## COUNT III

32. Plaintiff adopts and incorporates the above-referenced paragraphs as though fully set forth herein.

33. Defendant Frazee owed a duty of ordinary care to Plaintiff to keep the handicap bar reasonably safe and to protect against both known dangers and those that could be revealed by inspection.

34. Defendant Frazee knew or, by using ordinary care, could have known of the dangerous condition of the handicap bar, but failed to make this handicap bar reasonably safe.

6

As a direct and proximate result of Defendant Frazee's failure to use ordinary care, Plaintiff was injured.

35. The duty of ordinary care owed by Defendant Frazee to Plaintiff was breached and contravened by Defendant Frazee in that Defendant Frazee negligently failed:

    a. To inspect the handicap bar;

    b. To design the handicap bar with proper bolts;

    c. To maintain the handicap bar and the mechanisms used to affix the handicap bar to the shower wall;

    d. To properly train its agents and employees to safely affix the handicap bar to the wall so it does not give way when used; and

    e. To develop proper safety policies and instruction for affixing the handicap bar to the wall.

36. The damages and injury suffered by Plaintiff were directly and proximately caused by the negligence of the Defendant Frazee, and that of its agents, servants, and employees acting within the scope and course of their employment in safely affixing the handicap bar to the wall.

37. Plaintiff did not know and, by using ordinary care, could not have discovered that such conditions of the handicap bar were not reasonably safe.

38. As a direct and proximate result of the Defendant Frazee's conduct and of the aforesaid incident, Plaintiff has suffered continuous physical pain and mental distress; has suffered a permanent diminished capacity to enjoy life; has incurred medical bills for treatment and care, and will continue to do so in the future. Further, Plaintiff has been caused to suffer other severe and permanent injuries including but not limited to: closed head injury, headaches, and neck and back pain.

Electronically Filed - Jackson - Kansas City - March 07, 2016 - 03:36 PM

39. Plaintiff has incurred, and will in the future incur, pain and suffering, disability, and disfigurement.

WHEREFORE, Plaintiff prays for judgment against Defendant Frazee for such sums as are fair and reasonable, for his costs herein incurred and expended, and for such other relief as is deemed appropriate by the Court.

## COUNT IV

40. Plaintiff adopts and incorporates the above-referenced paragraphs as though fully set forth herein.

41. Defendant Ultimate owed a duty of reasonable care to Plaintiff to keep the handicap bar reasonably safe and to protect against both known dangers and those that could be revealed by inspection.

42. Defendant Ultimate owed a duty of reasonable care to Plaintiff to ensure that the handicap bar was safe.

43. Defendant Ultimate knew or, by using ordinary care, could have known of the dangerous condition of the handicap bar, but failed to make this handicap bar reasonably safe. As a direct and proximate result of Defendant Ultimate's failure to use ordinary care, Plaintiff was injured.

44. The duty of ordinary care owed by Defendant Ultimate to Plaintiff was breached and contravened by Defendant Ultimate in that Defendant Ultimate negligently failed:

    a. To inspect the handicap bar;

    b. To design the handicap bar with proper bolts;

    c. To maintain the handicap bar and the mechanisms used to affix the handicap bar to the shower wall;

Electronically Filed - Jackson - Kansas City - March 07, 2016 - 03:36 PM

Electronically Filed - Jackson - Kansas City - March 07, 2016 - 03:36 PM

    d.    To properly train its agents and employees to safely affix the handicap bar to the wall so it does not give way when used; and

    e.    To develop proper safety policies and instruction for affixing the handicap bar to the wall.

45. The damages and injury suffered by Plaintiff were directly and proximately caused by the negligence of the Defendant Ultimate, and that of its agents, servants, and employees acting within the scope and course of their employment in safely affixing the handicap bar to the wall.

46. Plaintiff did not know and, by using ordinary care, could not have discovered that such conditions of the handicap bar were not reasonably safe.

47. As a direct and proximate result of the Defendant Ultimate's conduct and of the aforesaid incident, Plaintiff has suffered continuous physical pain and mental distress; has suffered a permanent diminished capacity to enjoy life; has incurred medical bills for treatment and care, and will continue to do so in the future. Further, Plaintiff has been caused to suffer other severe and permanent injuries including but not limited to: closed head injury, headaches, and neck and back pain.

48. Plaintiff has incurred, and will in the future incur, pain and suffering, disability, and disfigurement.

WHEREFORE, Plaintiff prays for judgment against Defendant Ultimate for such sums as are fair and reasonable, for his costs herein incurred and expended, and for such other relief as is deemed appropriate by the Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

M. BLAKE HEATH,
TRIAL ATTORNEY LLC

By /s/ M. Blake Heath
   M. Blake Heath, #61939
   917 W. 43rd Street, Suite 100
   Kansas City, MO 64111
   (816) 931-0048 Phone
   (816) 931-4803 Fax
   blake@heathinjurylaw.com

ATTORNEYS FOR PLAINTIFF